United States District Court
District of Massachusetts

| | |
|---|---|
| APB Realty, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-13142-NMG |
| Georgia-Pacific LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of discussions regarding a potential purchase of 88 railroad cars by plaintiff APB Realty, Inc. ("plaintiff" or "APB") from defendant Georgia-Pacific LLC ("defendant" or "Georgia-Pacific").

Pending before the Court is defendant's motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons that follow, defendant's motion will be allowed.

I.   **Background**

In or about April, 2015, Georgia-Pacific and APB entered into negotiations for the sale and purchase of 88 railroad cars. Specifically, on April 24, 2015, Georgia-Pacific sent an e-mail to APB soliciting an offer for the subject cars.

In order to facilitate the sale of the railroad cars, Georgia-Pacific retained Liquidity Services, Inc. ("Liquidity")

as its broker.  Thereafter, on June 24, 2015, Liquidity e-mailed APB the following:

>   Thank you [APB] for your call this morning.  I wanted to review my understanding of your offer for all of the railcars for [Georgia-Pacific].
>
>   Please review and confirm that I have understood your offer correctly . . . .
>
>   <u>Total for all 88 x Log Stake Railcars $1,636,000 (Including 16% Buyer's Premium).</u>
>
>   Please respond with a confirmation so that I have something in writing detailing your offer.

(emphasis in original).[1]

After further discussions between APB and Liquidity, Liquidity e-mailed APB on July 23, 2015, that it had "presented [APB's] offer to [Georgia-Pacific] for final approval."  Shortly thereafter, Liquidity sent the following e-mail to APB:

>   Here are the two options that [Georgia-Pacific] has brought back to close the deal on.
>
>   Option 1, basically states that for $61K, you buy insurance that will replace as many Southern Wheels as needed to eliminate that problem.  [Georgia-Pacific] will manage and take care of that issue.  So after any real costs, you are paying a small percentage as insurance against the number being larger than 51 wheel sets.
>
>   Option 2 is the deal with you taking responsibility for any Southern Wheels.

---

[1] Because plaintiff attached the e-mails referred to here to its amended complaint, they are considered part of the pleadings for the purpose of a motion to dismiss.  See Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).

> Let me know which deal is best for you, and I'll get
> this closed out as early as possible next week.
>
> Option 1:
> Sale of the railcars (78 ea. 50 yr. Cars, 10 ea. 40 yr
> cars)
> As is, where is.
> Georgia-Pacific assumes responsibility for the
> replacement of all southern wheels if found.
> Customer retains responsibility for transportation to
> final destination.
> Proposed Offer: $1,697,000[.]
>
> Option 2:
> Sale of the railcars (78 ea. 50 yr. Cars, 10 ea. 40 yr
> cars)
> As is, where is.
> Customer assumes responsibility for the replacement of
> all southern wheels if found.
> Customer retains responsibility for transportation to
> final destination.
> Proposed Offer: $1,636,000[.]

On July 27, 2015, APB replied "[W]e are leaning towards option 1, should know this afternoon."

While those discussions were ongoing, APB purportedly entered into an agreement with another company, Beasley Forest Products, Inc. ("Beasley") to resell the cars it was negotiating to buy from Georgia-Pacific. Unbeknownst to APB, however, Georgia-Pacific was also negotiating with Beasley to sell it the 88 railroad cards directly. The APB-Georgia-Pacific deal was never consummated.

Plaintiff promptly filed a complaint against Georgia-Pacific, Liquidity and Beasley in the Massachusetts Superior Court for Barnstable County. On August 12, 2015, the case was

removed to this Court on diversity grounds.  In October, 2015, APB filed an amended complaint, asserting five-counts against the three defendants for breach of contract, fraudulent misrepresentation and interference with business relationships.

Approximately one year later, in September, 2016, this session accepted and adopted a Report and Recommendation from United States Magistrate Judge Judith G. Dein resulting in the dismissal of Liquidity and Beasley from the case.

Finally, in December, 2016, Georgia-Pacific filed a motion to dismiss the single claim against it for failure to state a claim upon which relief can be granted.  That motion is the subject of this memorandum.

## II. **Defendant's Motion to Dismiss**

### A. **Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d

1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

Defendant moves to dismiss Count I of plaintiff's amended complaint on grounds that plaintiff has failed to allege acceptance of an offer. The crux of this dispute is whether, as alleged in the complaint, the e-mail from Liquidity to APB, dated July 23, 2015 and extensively quoted above, was an acceptance of ABP's offer to buy 88 railroad cars or a counter-offer that required acceptance by ABP.

Plaintiff contends, and e-mails attached to the complaint support its contention, that on June 24, 2015, ABP e-mailed Liquidity an offer to buy 88 railroad cars from Georgia-Pacific for a total purchase price of $1,636,000. In July, Liquidity responded on behalf on Georgia-Pacific, proposing two alternatives, the second of which corresponded to the offer

-5-

proposed by ABP.  The first option, however, proposed the sale of the 88 railroad cars plus an amount for insurance for wheel replacement.  The total sale price of that option was $1,697,000, $61,000 more than ABP's original offer.

Because Georgia-Pacific included an additional term that was not in ABP's original offer, its July, 2015, response constituted a counter-offer not an acceptance. See McGurn v. Bell Microproducts Inc., 284 F.3d 86, 89 (1st Cir. 2002) ("A reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer." (quoting Restatement (Second) of Contracts § 59 (1981))).

Plaintiff has not alleged that it ever accepted Georgia-Pacific's counteroffer.  Thus, plaintiff has not stated a claim for breach of contract. See D'Agostino v. Fed. Ins. Co., 969 F. Supp. 2d 116, 127 (D. Mass. 2013) ("[A]n offer must be matched by an acceptance.  A counteroffer proposing a term that is materially different from that contained in the original offer constitutes a rejection of the offer and negates any agreement." (quoting Kennedy v. JP Morgan Chase Nat'l Corp., No. 10-CV-11324, 2011 WL 1576569, at *2 (D. Mass. Apr. 26, 2011))).

Accordingly, Count I of plaintiff's amended complaint will be dismissed.

**ORDER**

For the forgoing reasons, defendant's motion to dismiss Count I of plaintiff's amended complaint (Docket No. 52) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2017